In the Matter of the Petition for Registration of Titles of Certain Pieces of Land Designated as Lot No. 3270-1 and Lot No. 3270-5, and Lot No. 3270-1 New, Located at Ordot, Municipality of Sinajana, Territory of Guam, Marianas Island,

DELORES PANGELINAN GERBER, Appellee

VICENTE G. REYES, Appellant

Civil No. 18-A

In the Matter of the Petition for Registration of Titles of Certain Pieces of Land Designated as Lot No. 3270-2 and Lot No. 3270-3, Located at Ordot, Municipality of Sinajana, Territory of Guam, Marianas Island,

JULIANA PANGELINAN ROSE, Appellee

VICENTE G. REYES, Appellant

Civil No. 19-A

District Court of Guam

Appellate Division

March 7, 1962

 ●

---

| | |
|---|---|
| *Counsel for Appellees:* | JOAQUIN C. ARRIOLA |
| *Counsel for Appellant:* | FINTON J. PHELAN, JR. |

Before GILMARTIN (deceased), *Presiding Judge;* FURBER, *Chief Justice,* High Court of the Trust Territory of the Pacific Islands and DUENAS, *Judge,* Island Court of Guam

## PER CURIAM

### OPINION

The above-entitled actions were combined for trial in the Island Court of Guam and were consolidated on appeal. After oral argument on appeal the late Eugene R. Gilmartin died, and the remaining judges constitute a quorum. These were petitions for the registration of land under the Land Title Registration Act of Guam. The Court below heard extensive testimony and made an on-the-site investigation. Based upon the testimony, exhibits and on-the-site investigation, the Court entered its decree of registration. The appellant in what was labeled a motion in the nature of a writ of error coram nobis moved to vacate each decree upon the ground that the Court was without authority to accept an abstract prepared by officials of the government of Guam and that the abstract recited but one instrument, a decree of distribution in Probate Estate No. 345-45. The Court very properly denied this motion, and the appellant appealed.

We have examined the extensive record in these cases and we find no merit in any of the appellant's contentions on appeal. Except for the question of the abstract and its contents, all other questions involve those which properly

should have been raised in the lower Court. As regards the abstract, the sole contention is that it was prepared by employees of the government of Guam and that it shows nothing except an order of distribution of an estate. It was certainly not the responsibility of the Court below to make independent inquiry as to the circumstances under which an abstract was prepared, nor was any showing made that there were additional entries which should have appeared upon the abstract.

Other assignments of error on appeal relate to the method of conducting the Court, interpreting the testimony of witnesses and the preparation of the transcript by a court reporter who, it is alleged, does not understand the local dialect. The appellant was not represented by counsel, but the Court made every effort to see that he was familiar with the proceedings at all stages. Witnesses were presented by him. We find no evidence that he did not receive due process or that the decree of registration was not proper. We therefore affirm.